IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIPWALL, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 05-11852 REK |
| v. | ) | |
| | ) | **ANSWER AND COUNTERCLAIM** |
| FASTCAP, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In answer to the Amended Complaint ("Complaint") of Plaintiff ZipWall, LLC ("ZipWall"), Defendant and Counterclaimant, FastCap, LLC ("FastCap"), admits, denies and alleges as follows:

## **ANSWER**

1.  Fastcap admits that Exhibits A, B and C attached to ZipWall's Complaint are copies of certain United States patents. However, FastCap presently has insufficient information regarding the ownership and/or assignment of the recited patents and therefore Fastcap denies ZipWall's allegations regarding these matters. FastCap denies the other allegations set forth in paragraph 1 of ZipWall's Complaint.

2.  On information and belief, FastCap admits the allegations contained in paragraph 2 of ZipWall's Complaint.

3.  FastCap admits that it has principal offices located at 3725 Irongate Road, Suite 105, Bellingham, Washington 98226, but otherwise denies the allegations contained in paragraph

3 of ZipWall's Complaint.

4. FastCap admits the allegations contained in paragraph 4 of ZipWall's Complaint to the extent that this action, including the Counterclaim set forth herein below, arise under Patent Act, Title 35, United States Code.

## Count I

5. FastCap admits that ZipWall purports to incorporate by reference paragraphs 1-4 of ZipWall's Complaint herein; however, FastCap otherwise denies the allegations contained in paragraph 5 of ZipWall's Complaint.

6. FastCap presently has insufficient information regarding the ownership and/or assignment of the recited patent and FastCap therefore denies the allegations contained in paragraph 6 of ZipWall's Complaint.

7. Denied.

8. Denied.

9. Denied.

## Count II

10. FastCap admits that ZipWall purports to incorporate by reference paragraphs 1-9 of ZipWall's Complaint herein; however, FastCap otherwise denies the allegations contained in paragraph 10 of ZipWall's Complaint.

11. FastCap presently has insufficient information regarding the ownership and/or assignment of the recited patent and FastCap therefore denies the allegations contained in paragraph 11 of ZipWall's Complaint.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## Count III

16. FastCap admits that ZipWall purports to incorporate by reference paragraphs 1-15 of ZipWall's Complaint herein; however, FastCap otherwise denies the allegations contained in paragraph 16 of ZipWall's Complaint.

17. FastCap presently has insufficient information regarding the ownership and/or assignment of the recited patent and FastCap therefore denies the allegations contained in paragraph 17 of ZipWall's Complaint.

18. Denied.

19. Denied.

20. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21. As a first and separate defense to ZipWall's claims, FastCap alleges that ZipWall's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. As a second and separate defense to ZipWall's claims, FastCap alleges that it does not infringe any valid, enforceable claim of the patents recited in ZipWall's Complaint.

### THIRD AFFIRMATIVE DEFENSE

23. As a third and separate defense to ZipWall's claims, FastCap alleges that

ZipWall's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

24. As a fourth and separate defense to ZipWall's claims, FastCap alleges that ZipWall's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

25. As a fifth and separate defense to ZipWall's claims, FastCap alleges that ZipWall's claims are barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

26. As a sixth and separate defense to ZipWall's claims, FastCap alleges that the patents recited in ZipWall's Complaint are invalid.

## SEVENTH AFFIRMATIVE DEFENSE

27. As a seventh and separate defense to ZipWall's claims, FastCap alleges that the patents recited in ZipWall's Complaint are unenforceable.

## COUNTERCLAIM

### JURISDICTION

28. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1338, as permitted by the Declaratory Judgment Act, 28 U.S.C. §2201.

### VENUE

29. Venue is proper pursuant to 28 U.S.C. §§1391 and 1400 in that ZipWall resides and has a regular and established business within this judicial district.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

30.     FastCap hereby incorporates and repeats its responses and allegations set forth in paragraphs1-29 above.

31.     An actual controversy exists between FastCap and ZipWall respecting ZipWall's contention that FastCap infringes the claims of certain patents allegedly owned by ZipWall.

32.     FastCap has not infringed any valid, enforceable claim of any of the patents recited in ZipWall's Complaint.

33.     FastCap is entitled to a declaratory judgment that it has not infringed any valid, enforceable claim of the patents recited in ZipWall's Complaint.

## COUNT II
### (Declaratory Judgment of Patent Invalidity)

34.     FastCap hereby incorporates and repeats its responses and allegations set forth in paragraphs 1-33 above.

35.     An actual controversy exists between FastCap and ZipWall respecting the validity of the claims of patents allegedly owned by ZipWall and which ZipWall has asserted in this action.

36.     The claims of the patents recited in ZipWall's Complaint are, on information and belief, invalid.

37.     FastCap is entitled to a declaratory judgment that the patent claims asserted by ZipWall in this action are invalid.

WHEREFORE, FastCap demands judgment against ZipWall as follows:

A. That FastCap has not infringed any valid, enforceable claim of the patents alleged in ZipWall's Complaint.

B. That the claims of the patents alleged in ZipWall's Complaint are invalid.

C. An award to FastCap of its attorneys fees as provided for by 35 United States Code §285;

D. An award to FastCap of the costs of this action.

E. An award to FastCap of such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

FastCap hereby respectfully demands trial by jury of all issues in this case, so triable.

Respectfully submitted,

Dated: November 8, 2005

/s/ Sarah Cooleybeck
Sarah Cooleybeck (BBO#631161)
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
E-mail: scooleybeck@foleyhoag.com

Of Counsel:

Attorneys for Defendant FastCap, LLC

Harris Zimmerman
Michael James Cronen
Law Offices of Harris Zimmerman
1330 Broadway, Suite 710
Oakland, CA 94612
Telephone: (510) 465-0828
Facsimile: (510) 465-2041
E-mail: mcronen@zimpatent.com