IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC | ) |
| | ) Civil Action No.: 05-11852 JLT |
| Plaintiff and Counterclaim Defendant, | ) |
| | ) **FASTCAP'S STATUS REPORT** |
| | ) |
| v. | ) Before: Hon. Judge Tauro |
| | ) Date: July 19, 2007 |
| FASTCAP, LLC | ) Time: 10:45 a.m. |
| | ) |
| Defendant and Counterclaimant. | ) |

Defendant and counterclaimant FastCap, LLC hereby submits its Status Report in accordance with the Court's Order dated June 13, 2007.

**1.) Summary The Evidence To Be Offered By FastCap**

Plaintiff ZipWall, LLC ("Zipwall") alleged FastCap's infringement of three patents: U.S. Patent No. 6,209,615 ("the '615 patent"); U.S. Patent No. 6,924,004 ("the '004 patent"); and U.S. Patent No. 6,953,076 ("the '076 patent").

On June 26, 2006, the Court stayed discovery in the case and subsequently ruled on the parties' cross-motions for summary judgment. As summarized below, the Court's ruling substantially limited both liability and damages issues and,

1

consequently, narrowed the evidence to be offered by the parties at trial. As to the issues that remain for trial, FastCap respectfully requests the Court to allow a period of expert discovery before trial, including time to designate expert witnesses, and rebuttal experts, to prepare and submit expert reports, and to take experts' depositions.

### A.) The '615 Patent

On the parties' cross-motions for summary judgment, the Court found that FastCap has not infringed the '615 patent, thereby removing this patent from the liability and damages issues to be determined at trial. Moreover, because the '615 patent is the oldest of Plaintiff's asserted patents, potentially involving four years of FastCap's product sales, the Court's finding of non-infringement effectively eliminated FastCap's exposure for damages, including any special damages for willful infringement, at trial in the case.

### B.) The '004 Patent

FastCap discontinued its accused clip product when it was served with Zipwall's Complaint alleging FastCap's infringement of the '004 patent, which was approximately only four weeks after the '004 patent issued.

On summary judgment, the Court found that FastCap's "DB clip falls within the disputed limitation of claim 35 of the '004 patent". Memo., p.17. The Court's

ruling, therefore, appears to eliminate the issue of liability under the '004 patent at trial in this action. [1]

Remaining for trial, however, is the issue of damages, albeit limited to a few weeks of FastCap's sales of its accused DB clip. On this issue, FastCap will offer evidence, including packaging, sales and advertising, and other documents, the testimony of its founder, Mr. Paul Akers, and expert witness testimony, to show that Zipwall's damages, if any, are *de minimis* in this case. The offered evidence will show that FastCap immediately discontinued the accused DB clip when it was served with Zipwall's Complaint on October 20, 2005. Since the '004 patent issued only a few weeks earlier, on September 13, 2005, the entire damages period for trial amounts to no more than a few weeks.

As set forth above, FastCap respectfully requests time for expert discovery as it intends to offer the expert witness testimony and analysis of Ms. Shelly Irvine and/or Mr. Clarke Nelson of FTI Consulting, in connection with the damage claims put forward by ZipWall under the '004 patent. If allowed by the Court,

---

[1] However, In view of the Supreme Court's recent decision in *KSR v. Teleflex,* 07 C.D.O.S. 4654 (2007), it appears that ZipWall's '004 patent remains vulnerable to finding of invalidity for obviousness under 35 USC §103. This is because the Supreme Court's decision in *KSR* eliminated the Federal Circuit's "teaching, suggestion or motivation test" which had applied at the time of the Court's summary judgment ruling.

FastCap will offer such expert testimony and provide written expert reports and allow expert deposition testimony in conformity with Fed. R. Civ. P. Rule 26(a)(2)(B).

### C.) The '076 Patent

The '076 patent covers a specific method of installing a plastic curtain using a partition mount. The Court denied the parties' cross-motions for summary judgment under the '076 patent and, therefore, FastCap will offer evidence relating to both liability and damages issues under the '076 patent.

The issue of liability under the '076 patent is limited to a time frame of approximately nine (9) days. FastCap will offer evidence, including packaging, sales and advertising, and other documents, the testimony of its founder, Mr. Paul Akers, and expert testimony, to show that it did not practice the method of the '076 patent during the period from the date it issued on October 11, 2005, to the date FastCap discontinued the accused DB clip on October 20, 2005, i.e. nine days latter. FastCap also cannot be held liable for inducing or contributing to the infringement of the '076 patent because FastCap had no knowledge of that patent before it received service of Zipwall's Amended Complaint.[2]

---

[2]As set forth above in connection with the '004 patent, the Supreme Court's recent decision in *KSR v. Teleflex,* 07 C.D.O.S. 4654 (2007), appears to also render ZipWall's '076 patent vulnerable to further invalidity attacks for

Even assuming, *arguendo*, that FastCap infringed the method of the '076 method patent (it did not), Zipwall's damages under the '076 patent, if any, are *de minimis*. The offered evidence will show that FastCap immediately discontinued its accused DB clip upon knowledge of the '076 patent, which was within 9 days after that patent issued. With respect to this short period, FastCap will offer evidence, including packaging, sales and advertising, and other documents, as well as the testimony of its founder, Mr. Paul Akers, and it damages experts, to show Zipwall's damages under the '076 patent, if any, are *de minimis*.

FastCap also intends to offer the expert witness testimony and analysis of Ms. Shelly Irvine and/or Mr. Clarke Nelson of FTI Consulting, in connection with the damage claims put forward by ZipWall under the '076 patent. Because expert discovery was stayed in the case, FastCap respectfully requests an opportunity to conduct expert discovery before trial, and to allow FastCap's retained experts to testify at trial and to provide a written report and deposition testimony in conformity with Fed. R. Civ. P. Rule 26(a)(2)(B).

**2.     Facts Established By The Pleadings Or By Stipulations Or Admissions Of Counsel**

---

obviousness under 35 USC §103since prior art elements corresponding to the '076 patent claims may render them invalid even in the absence of any prior art "teaching, suggestion or motivation" to combine such elements.

As set forth above, the Court's ruling on the parties' cross-motions for summary judgement narrowed the factual issues for trial. While FastCap specifically reserves its rights of appeal in connection with the Court's summary judgment rulings, the Court's ruling found certain facts were established by the pleadings, stipulations or admissions of counsel. These findings by the Court include the following: 1.) FastCap is not liable for infringement of the '615 patent, the oldest of Zipwall's asserted patents; 2.) FastCap's "DB clip falls within the disputed limitation of claim 35 of the '004 patent"; 3.) Genuine issues of material fact remain as to whether or not FastCap infringed, or induced or contributed to the infringement of, the '076 patent.

**3. Contested Issues Of Fact**

The Court's ruling on the parties' cross-motions for summary judgement also narrowed the contested factual issues for trial. While FastCap specifically reserves its rights of appeal in connection with the Court's summary judgment rulings, the Court's ruling leaves the follow contested issues of fact for trial.

A.) Whether ZipWall can prove any damages for infringement of the '004 patent, whether direct, induced or contributory, for the brief period of time (a

few weeks) between the issuance of the '004 patent and the time FastCap discontinued the accused item.

      B.) Whether Zipwall can prove FastCap's infringement of the '076 method patent, whether direct, induced or contributory, during the brief period of time (approximately nine days) between that patent's issuance and the time FastCap discontinued the accused item.

      C.) Whether ZipWall can prove any damages for infringement of the '076 method patent, whether direct, induced or contributory, for the brief period of time (approximately nine days) between the issuance of the '076 patent and the time FastCap discontinued the accused item.

**4.) Jurisdictional Questions**

    FastCap is not aware of any jurisdictional questions in this case.

**5.) Questions Raised By Pending Motions**

    FastCap is not aware of any motions pending before the Court in this case.

**6.) Issues Of Law, Evidentiary Questions And Supporting Authority**

    FastCap's issues of law, including evidentiary questions, together with supporting authority, are as follows:

A.) Whether judgment should be entered dismissing ZipWall's infringement claims under the '004 patent and the '076 method patents on de minimis infringement grounds. *Knapp-Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir. 1965) cert. denied 382 U.S. 828 (1965); See, *Morpul, Inc. V. Crescent Hosiery Mills*, 265 F.Supp. 279, 153 USPQ 24 (E.D. Tenn. 1967) (Infringement period of eight days so minimal as to warrant application of de minimis rule requiring dismissal).

B.) Whether judgment should be entered dismissing ZipWall's infringement claims under the '004 patent because there are no damages available for FastCap's accused activities which took place before the '004 patent issued. Under *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 37 USPQ2d 1685 (Fed. Cir. 1996) a patent infringement suit may not be properly filed before a patent issues. Since there can be no induced or contributory infringement in the absence of direct infringement, claims for induced and contributory infringement are also not properly filed based upon FastCap's accused activities which took place before the '004 patent issued;

C.) Whether judgment should be entered dismissing ZipWall's infringement claims under the '076 method patent because there are no damages

available for FastCap's accused activities which took place before the '076 patent issued. Under *National Presto v. West Bend, supra,* a patent infringement suit may not be properly filed before a patent issues and, since there can be no induced or contributory infringement in the absence of direct infringement, claims for induced and contributory infringement are also not properly filed based upon pre-issuance activities; and

      D.) Whether judgment should be entered dismissing ZipWall's induced and contributory infringement claims under the '004 patent and the '076 method patent because FastCap had no knowledge of those patents when its accused activities took place. Such knowledge is required to support a claim for either induced or contributory patent infringement. See, e.g. *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 16 USPQ2d 1587, 1594 (Fed. Cir. 1990) (Patentee must establish actual induced infringement and that defendant knew or should have known such actions would in fact induce or contribute to actual infringements by others).

**7.) Requested Amendments To The Pleadings**

    FastCap does not believe there are any requested amendments to the pleadings in this case.

**8.) Any Additional Matters To Aid Disposition**

9

As set forth above, discovery was stayed in this case in June of 2006 and since that time the Court has ruled on the parties' cross-motions for summary judgment, thereby significantly narrowing the issues for trial. FastCap therefore believes that the Court should lift the current stay of discovery and allow for a period of expert discovery with respect to expert witness opinions and testimony, including rebuttal opinions and testimony, to be offered at trial and to aid in the disposition of the action.

**9.) The Probable Length Of Trial**

FastCap believes that trial by jury of the remaining issues in the case should take approximately 5-10 court days.

**10.) Names Of Witnesses For FastCap's Case-In-Chief**

The names of non-rebuttal witnesses to be called (expert and others) by FastCap include Mr. Paul Akers, Ms. Shelly Irvine and/or Mr. Clarke Nelson. FastCap hereby reserves its right to designate rebuttal witnesses, including technical expert witnesses, and to call such rebuttal witnesses at trial.

                                                  Respectfully submitted,

Dated: July 12, 2007                  By: /s/ Michael James Cronen
                                                        Michael James Cronen

Harris Zimmerman, Cal. Bar No. 22653
Michael James Cronen, Cal. Bar No. 131087
ZIMMERMAN & CRONEN, LLP
1330 Broadway, Suite 710
Oakland CA 94612
Telephone:510.465.0828
Facsimile:510.465.2041
E-mail: mcronen@zimpatent.com


Sarah Cooleybeck (BBO#631161)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
Telephone:617.832.1000
Facsimile:617.832.7000
E-mail: scooleybeck@foleyhoag.com

Attorneys for Defendant and Counterclaimant, FastCap, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that a true a correct copy of the foregoing was served upon counsel listed below by electronically filing with the court on July 11, 2007:

Matthew Lowrie, Esq.
Aaron W. Moore, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, 11th Fl.
Cambridge, MA 02142

Dated: July 11, 2007                                             /s/ Jennifer L. Lynx