IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC,<br><br>           Plaintiff<br><br>v.<br><br>FASTCAP, LLC.,<br><br>           Defendant. | Civil Action No.:  05-cv-11852-JLT |

## STATUS REPORT

To conserve the parties' and judicial resources, plaintiff ZipWall, LLC ("ZipWall") believes the present matter should be resolved by entry of final judgment.  ZipWall would like to appeal the Court's claim construction ruling regarding the term "compression mechanism" in U.S. Patent No. 6,209,615 ("the '615 patent") and the Court's corresponding non-infringement ruling with respect to the '615 patent.  (See Docket Nos. 48 & 49.)   Although the Court has also ruled that FastCap's accused products infringe at least claim 35 of U.S. Patent No. 6,942,004 ("the '004 patent") and ruled that factual issues remain regarding the other patent-in-suit, U.S. Patent No. 6,953,076 ("the '076 patent"), the '615 patent issued over four and a half year prior to the other patents-in-suit, making a potential damages claim on the '615 patent much more substantial than damages for infringement of the '004 and '076 patents.  ZipWall respectfully informs the Court that it wishes to have the claim construction reviewed, but ZipWall wishes to facilitate this process without taking up any more Court or party resources than necessary.

Consequently, ZipWall proposes entry of final judgment in favor of ZipWall with respect to infringement of the '004 patent, in favor of FastCap with respect to infringement of the '615

patent, and in favor of ZipWall with respect to validity of the patents-in-suit, along with a permanent injunction with respect to the '004 patent.

If granted and so long as this case is not remanded from the Federal Circuit after an appeal, ZipWall agrees to waive damages with respect to the '004 patent and also agrees to dismiss the '076 patent claims – doing so will permit this Court to enter Final Judgment without further proceedings now, and for an appeal to proceed immediately. If final judgment is entered, <u>an entire trial, its costs and burdens will be eliminated</u> – if a trial is held on the '004 patent now, an additional trial would still have to occur should ZipWall prevail on appeal. If ZipWall does not prevail on appeal, *both* trials would be avoided.[1] ZipWall therefore asks this Court to enter final judgment as discussed in more detail in ZipWall's Motion for Entry of Final Judgment.

In compliance with the Court's order setting the pre-trial conference, however, ZipWall also provides all of the information requested in that order, assuming that Final Judgment does not enter now.

### Background

Plaintiff ZipWall, LLC filed a complaint for patent infringement of the '615 patent, the '004 patent, and the '076 patent (collectively the "patents-in-suit") against Defendant FastCap, LLC ("FastCap"). (<u>See</u> Docket No. 3.) FastCap counterclaimed for declaratory judgment of non-infringement and invalidity of the patents-in-suit. (<u>See</u> Docket No. 6.) On July 17, 2006, FastCap moved for summary judgment of invalidity and non-infringement of the patents-in-suit. (<u>See</u> Docket No. 19.) On August 29, 2006, ZipWall submitted a cross-motion seeking summary judgment of validity and infringement of the patents-in-suit. (<u>See</u> Docket No. 29.) In its Order dated March 29, 2007, the Court granted-in-part and denied-in-part both motions for Summary

---

[1] ZipWall will stipulate as to the waiver of damages on the '004 patent entirely and agrees not to pursue claims on the '076 patent in the event it is not successful on appeal.

Judgment (see Docket No. 48), and in the Court's Memorandum dated April 9, 2007, the Court explained its analysis on the ruling of validity and infringement of the '004 patent, non-infringement of the '615 patent, validity of the '076 patent, and the denial of both motions regarding infringement of the '076 patent without prejudice (see Docket No. 49).

Pursuant to the Court Order dated June 13, 2007, the Court has scheduled a pretrial conference for July 19, 2007. (See Docket No. 50.) Pursuant to that same order, the parties hereby submit the following Joint Status Report for the Court's consideration:

1. Summary of the Evidence Offered by the Parties

Liability/Validity

The Court has addressed the issues of liability in ruling on the parties' summary judgment motions regarding infringement and validity on the patents-in-suit. The only remaining liability issue relates to whether FastCap contributed to or induced infringement of the '076 patent. ZipWall intends to elicit testimony regarding the use of FastCap's product in order to establish direct or indirect infringement of the '076 patent. ZipWall also intends to rely on FastCap's product itself, FastCap's interrogatory responses and other documentation of the product. Further ZipWall intends to rely on the testimony of Alexander Slocum in support of its arguments of direct and indirect infringement, and to rebut defenses of invalidity to the extent necessary.

Damages

ZipWall intends to elicit testimony from the witnesses listed below related to the damages suffered by ZipWall due to FastCap's infringement of the '004 patent and potentially also the '076 patent, including whether such infringement was willful.

ZipWall also intends to rely on documents yet to be produced by FastCap regarding its sales.

Additional Discovery

ZipWall believes that only a limited exchange of damages-related documents is necessary to complete discovery.

2. Facts established by Pleadings, Stipulations, Admissions

As noted above, most facts have been established by the Court's order regarding the parties' summary judgment motions.

3. Contested Issues of Fact

Contested issues of fact will likely include: (1) what amount of lost profits or reasonably royalty ZipWall is entitled to for FastCap's infringement of the '004 patent; and (2) whether FastCap has induced infringement or contributorily infringed the '076 patent through others' use of FastCap's accused product.

4. Any Jurisdictional Questions

None.

5. Any Questions Raised By Pending Motions

None.

6. <u>Issue of Law, Including Evidentiary Questions, Together with Supporting Authority</u>

ZipWall disagrees with the issues of law identified by FastCap in its Status Report. First, all the alleged issues include questions of fact, such as determining the amount of damages, willfulness of infringement, and whether FastCap infringed contributorily or by inducement. In fact, FastCap's own status report indicates that discovery is still required as to damages on the '004 patent and liability and damages on the '076 patent.

ZipWall also disagrees with FastCap's legal conclusions. For example, ZipWall disagrees that "de minimus" infringement is a legally sufficient ground to dismiss an infringement claim, disagrees that the infringement could appropriately be characterized as de minimis (and is entitled to discovery and/or an evidentiary hearing on this factual issue), and notes that FastCap cites no Federal Circuit authority for this proposition. ZipWall also maintains that it is entitled to a permanent injunction to prevent further irreparable harm, regardless of the degree of infringement. <u>See</u> <u>eBay Inc. v. MercExchange, L.L.C.</u>, 126 S.Ct. 1837, 1839 (2006) – hardly something that could be characterized as "de minimis." ZipWall has not been given sufficient time to research the matter further, however – having heard it from FastCap yesterday, for the first time. To the extent FastCap seeks to pursue such newly raised legal contentions, ZipWall submits that a motion and briefing are necessary.

7. <u>Any Requested Amendment To The Pleadings</u>

None.

8. <u>Any Additional Matters To Aid In Disposition Of The Action</u>

ZipWall has submitted in conjunction with this Status Report, a Motion for Entry of Final

Judgment.

As noted above, the Court has already determined that FastCap infringed the '004 patent, and did not infringe the '615 patent. Although the Court found that questions remain as to whether FastCap directly or indirectly infringes the valid '076 patent, FastCap has represented that sales of the DB Clip that was identified by the Court as potentially infringing ceased prior to issuance of the '076 patent. ZipWall is willing to accept FastCap's representations and asks the Court to dismiss without prejudice the Count III of ZipWall's Amended Complaint, rather than use judicial or the parties' resources to confirm FastCap's representations. Additionally, to conclude the matter expeditiously and reach Final Judgment so that an appeal can proceed, ZipWall will agree to waive damages (and discovery regarding damages). In the event that the Court's claim construction and infringement ruling with respect to the '615 patent is overturned, then ZipWall will seek to assert damages (and receive damages discovery) against FastCap. Further, in the event ZipWall does not prevail on appeal, ZipWall agrees not to pursue its claims on the '076 patent that were unresolved by the Court's summary judgment ruling. (See Docket Nos. 48 & 49.)

Reducing the present matter to Final Judgment will preserve judicial economy by avoiding a trial in its entirety, and eliminate the need for damages related discovery at this time, while affording both parties an opportunity to appeal.

The parties are currently engaged in discussions about whether they can reach an agreement that would allow the case to proceed toward an appeal without trial. The parties are also discussing whether an alternative solution could be reached that would allow the case to conclude without a trial or an appeal.

9. <u>Probable Length Of Trial</u>

The parties anticipate that trial can be concluded in one week.

10. <u>Names Of Witnesses To Be Called (Expert and Others)</u>

- Jeffrey Whittemore
- Paul Akers, or another corporate representative of FastCap
- Alexander Slocum
- FastCap customer(s) to be identified by FastCap
- If FastCap intends to rely on Opinion of Counsel as a defense to willful infringement, ZipWall reserves the right to call Opinion Counsel as a witness
- Any witness identified by FastCap

Respectfully submitted,

ZIPWALL, LLC

Dated: July 12, 2007        by:    __/s/ Matthew B. Lowrie_____
                                                Matthew B. Lowrie, BBO No. 563,414
                                                Aaron W. Moore, BBO No. 638,076
                                                Lowrie, Lando & Anastasi, LLP
                                                Riverfront Office Park
                                                One Main Street - 11th Floor
                                                Cambridge, MA 02142
                                                Tel: 617-395-7000
                                                Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

     I hereby certify that a true a correct copy of the foregoing was served upon the listed below by electronically filing with the court on July 12, 2007:

        Sarah Cooleybeck, Esq.
        Foley Hoag LLP
        155 Seaport Blvd.
        Boston, MA 02210
        Telephone: 617.832.1000
        Facsimile: 617.832.7000
        E-mail: scooleybeck@foleyhoag.com

        Michael James Cronen, Esq.
        Law Offices of Harris Zimmerman
        1330 Broadway, Suite 710
        Oakland, CA 94612
        Telephone: 510.465.0828
        Facsimile: 510.465.2041
        E-mail: mcronen@zimpatent.com


Dated: July 12, 2007                          /s/ Matthew B. Lowrie
                                             Matthew B. Lowrie, Esq.