IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>FASTCAP, LLC.,<br><br>             Defendant. | Civil Action No.:  05-CV-11852-JLT |

**ZIPWALL, LLC'S MOTION FOR
ENTRY OF FINAL JUDGMENT, INCLUDING
<u>ENTRY OF PERMANENT INJUNCTION</u>**

Plaintiff ZipWall, LLC ("ZipWall") hereby moves for entry of final judgment in this case. By entering final judgment and allowing this matter to proceed toward appeal, a trial will be avoided, sparing the resources of both the parties and the Court.

On March 29 and April 9, 2007, the Court ruled on defendant FastCap, LLC's ("FastCap") motion for summary judgment and ZipWall's cross motion for summary judgment, granting and denying them in part. This resolved most of the liability claims in this case, as the Court found that: (1) FastCap infringed U.S. Patent No. 6,942,004 ("the '004 patent"), (2) FastCap did not infringe U.S. Patent No. 6,209,615 ("the '615 patent"), and (3) the patents-in-suit were valid. (<u>See</u> Docket Nos. 48 & 49.)

Because the '615 patent issued four and a half years prior to the '004 and '076 patents, however, ZipWall's damages with respect to the '615 patent would be much more substantial than damages for infringement of the '004 and '076 patents. For this and other reasons, ZipWall respectfully informs the Court that it plans to seek review of the claim construction of

"compression mechanism," which led the Court to conclude that the '615 patent is not infringed. ZipWall has this right regardless of the result of a trial on damages for the '004 patent and liability/damages for the '076 patent. In the name of efficiency and consistent with the "just, speedy and inexpensive" resolution of this action (Fed. R. Civ. P. 1), therefore, it would seem that both the parties' and the Court's interests would be best served if this trial did not occur and final judgment were granted now. ZipWall proposes the following solution:

- ZipWall is willing to waive damages (and fact discovery with respect to such damages) with respect to infringement of the '004 patent, without prejudice to reassert such damages in the event the case is remanded after an appeal.

- Additionally, ZipWall is willing to dismiss its count of infringement on the '076 patent, without prejudice (and without discovery)[1] in view of FastCap's representation that it stopped selling or providing the DB Clip before the '076 patent issued.

- As a result, the case would be in a position for final judgment to be granted, as all liability and damages issues would be resolved.

If this matter proceeds to trial now, an additional trial would occur on the '615 patent should ZipWall prevail on appeal. If final judgment were granted now, as proposed, then the impending trial on the '004 and '076 patents would be avoided; if ZipWall does not prevail on appeal, both trials are avoided. Final judgment should be granted now, therefore.

## **Analysis**

Counts I, II, and III of ZipWall's Amended Complaint (Docket No. 3) allege infringement of the '004, '615 and '076 patents, respectively. Counterclaim Counts I and II of

---

[1] ZipWall will agree not to pursue claims on the '076 patent with respect to the accused products in this case in the event it is not successful on appeal.

2

FastCap's Answer and Counterclaim (Docket No. 6) request declaratory judgment of non-infringement and invalidity, respectively, of all three patents. Final judgment should be granted on each of these counts as follows.

### I. <u>Infringement</u>: Counts I-III of ZipWall's Amended Complaint and Count I of FastCap's Answer and Counterclaim

#### a. '004 patent

Final judgment of Count I (Patent Infringement) of the Amended Complaint should be granted in ZipWall's favor in view of the Court's summary judgment ruling with respect to the '004 patent and ZipWall's agreement to waive damages on this count, without prejudice to assert such damages if the case is remanded upon appeal, to allow the matter to proceed expeditiously.[2] Likewise, final judgment should be granted in ZipWall's favor on counterclaim Count I (Declaratory Judgment of Non-Infringement) of FastCap's Answer and Counterclaim, with respect to the '004 patent.

#### b. '615 patent

Similarly, final judgment of Count II (Patent Infringement) of the Amended Complaint should be granted in FastCap's favor in view of the Court's summary judgment ruling with respect to the '615 patent. Likewise, final judgment should be granted in FastCap's favor on counterclaim Count I (Declaratory Judgment of Non-Infringement) of FastCap's Answer and Counterclaim, with respect to the '615 patent.

#### c. '076 Patent

While the Court did not rule on whether the '076 patent was infringed, FastCap has represented that it has ceased selling its DB Clip. Because of FastCap's representation and because ZipWall seeks to conclude this matter expeditiously, ZipWall agrees to dismiss Count

---

[2] If for some reason this motion for final judgment is not granted, then ZipWall does not agree to waive damages.

3

III (Patent Infringement) of the Amended Complaint without prejudice.[3] As a result, Count I (Declaratory Judgment of Non-Infringement) of FastCap's Answer and Counterclaim is moot with respect to the '076 patent, and should also be dismissed without prejudice, again with respect to the '076 patent.

## II.     Validity: Count II of FastCap's Answer and Counterclaim

Finally, final judgment of Count II (Declaratory Judgment of Invalidity) of FastCap's Answer and Counterclaim should be granted in ZipWall's favor in view of the Court's summary judgment ruling on validity of the patents-in-suit.

## III.    Permanent Injunction

Pursuant to Fed. R. Civ. P. 58 and 65, ZipWall moves for entry of a permanent injunction under 28 U.S.C. § 283, in the form attached as Exhibit 1 hereto. A permanent injunction is appropriate in this case because (a) ZipWall has suffered and will suffer further irreparable injury, (b) monetary damages are inadequate, (c) the balance of hardships weighs in favor of ZipWall, and (d) there is no public interest that would be disserved by an injunction. See eBay Inc. v. MercExchange, L.L.C., 126 S.Ct. 1837, 1839 (2006).

ZipWall has suffered and will suffer further irreparable injury because it sells a product that competes with FastCap's infringing products. (See Declaration of Jeffrey Whittemore, ¶ 2.) In fact, ZipWall and FastCap are the only suppliers of these types of poles listed on Amazon.com, a major national seller. (See id., ¶ 3.) Where an infringer sells a product in competition with the plaintiff's product, courts ordinarily find irreparable harm. See, e.g., International Rectifier Corp. v. IXYS Corp., 2002 U.S. Dist. LEXIS 27252, *12 (C.D. Cal. June 4, 2002) ("Where the patentee and infringer compete at all, the patentee is injured by the denial

---

[3] As mentioned in footnote no. 1, above, ZipWall will agree not to pursue claims on the '076 patent with respect to the accused products in this case in the event it is not successful on appeal. On the other hand, again, if for some reason this motion for final judgment is not granted, then ZipWall does not agree to dismiss Count III.

or a stay of an injunction."), rev'd in part, vacated, 361 F.3d 1363 (Fed. Cir. 2004); B & H Mfg., Inc. v. Owens-Illinois Glass Container, Inc., 1991 U.S. Dist. LEXIS 20387, *5 (N.D. Ga. 1991) (same).[4]

Furthermore, a finding of irreparable harm and a grant of injunction relief is appropriate because a patent grants the holder a right to exclude others from making, using, and selling the patented invention. Without an injunction, an infringer is denied this right. As explained by Chief Justice Roberts:

> From at least the early 19th century, courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases. This "long tradition of equity practice" is not surprising, given the difficulty of protecting a right to exclude through monetary remedies that allow an infringer to use an invention against the patentee's wishes—a difficulty that often implicates the first two factors of the traditional four-factor test.

eBay, 126 S. Ct. at 1841 (J. Roberts, concurring). If an injunction is not granted, ZipWall's right to exclude will be denied and, of course, will not be protected by any monetary remedy.

Additionally, monetary damages would be inadequate to compensate for ZipWall's injury. Again, by nature of the fact that ZipWall and FastCap are competitors in the market for these types of poles, monetary sanctions would be inadequate. See International Rectifier Corp., 2002 U.S. Dist. LEXIS 27252, at *12 ("Where the patentee and infringer compete at all, the patentee is injured by the denial or a stay of an injunction."). Likewise, and related, monetary sanctions would be inadequate because a patent grants the holder a right to exclude others from

---

[4] As the Kennedy concurrence noted in eBay, "[t]he lesson of the historical practice … is most helpful and instructive when the circumstances of a case bear substantial parallels to litigation the courts have confronted before." eBay, 126 S. Ct at 1842. The factual circumstances of the instant case parallel numerous prior patent infringement cases in which courts have granted permanent injunctions where both parties sell competing products covered by the patents-in-suit. None of the circumstances that have arisen in recent cases, identified by the Kennedy concurrence in eBay, arise here. Zipwall is not a "patent troll" (i.e., a company that does not sell goods and instead uses its patents primarily for obtaining licensing fees); the patented technology is not merely a small component of FastCap's infringing products; and the patents-in-suit are not business method patents. In short, there is a long history and practice (and innumerable cases) granting injunctions in the circumstances that exist here, and no Court has ever denied one in these circumstances.

practicing the invention, and without an injunction, ZipWall's right to exclude others is not given value. See eBay, 126 S. Ct. at 1841 (J. Roberts, concurring) (noting the "difficulty of protecting a right to exclude through monetary remedies that allow an infringer to *use* an invention against the patentee's wishes" and that this difficulty "often implicates the first two factors of the traditional four-factor [permanent injunction] test"). Moreover, monetary damages would be particularly inadequate here because ZipWall has agreed to waive past damages so that the matter may proceed to final judgment.

Next, the balance of hardships weighs in favor of an injunction. As discussed above, if an injunction does not issue, ZipWall would be forced to give up one of its important rights as the holder of the patents-in-suit, the right to exclude, and ZipWall would receive absolutely no compensation for future infringing sales. Moreover, FastCap cannot show unfair hardship in now being forced to stop selling products that it claims to already have stopped selling.

Finally, the public-interest factor also favors granting an injunction against FastCap. In particular, the public interest favors protection of the rights secured by valid patents. See Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1581 (Fed. Cir. 1983); Odetics Inc. v. Storage Technology, 14 F. Supp. 2d 785, 795 (E.D. Va. 1988) ("The public-interest factor often favors the patentee, given the public's interest in maintaining the integrity of the patent system."), aff'd in part, rev'd in part on other grounds, 185 F.3d 1259 (Fed. Cir. 1999); A.W. Indus., Inc. v. Electronic Connector Serv., Inc., 1997 U.S. Dist. LEXIS 22501, at *22 (S.D. Fla. Nov. 24, 1997) ("The public interest is clearly served by protecting rights secured by valid patents."). Additionally, there is no countervailing public interest that would argue against an injunction.

In short, each of the four factors weighs heavily in favor of granting a permanent injunction against FastCap. This case represents the classic patent infringement case in which

the patent holder and infringer both make and/or sell competing products covered by the patented technology. Consequently, in line with the long tradition of granting injunctive relief upon a finding of patent infringement, and an injunction should issue.

## CONCLUSION

For the foregoing reasons, ZipWall respectfully requests that Final Judgment be entered in the form shown in Exhibit 1, including an injunction against further sales.

Respectfully submitted,

ZIPWALL, LLC

Dated: July 12, 2007            by:     __/s/ Matthew B. Lowrie_____
                                        Matthew B. Lowrie, BBO No. 563,414
                                        Aaron W. Moore, BBO No. 638,076
                                        Lowrie, Lando & Anastasi, LLP
                                        Riverfront Office Park
                                        One Main Street - 11th Floor
                                        Cambridge, MA 02142
                                        Tel: 617-395-7000
                                        Fax: 617-395-7070

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      Counsel for ZipWall hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in this motion.

Dated:  July 12, 2007                  by:      /s/ Matthew B. Lowrie

## CERTIFICATE OF SERVICE

      I hereby certify that a true a correct copy of the foregoing was served upon the listed below by electronically filing with the court on July 12, 2007:

> Sarah Cooleybeck, Esq.
> Foley Hoag LLP
> 155 Seaport Blvd.
> Boston, MA 02210
> Telephone: 617.832.1000
> Facsimile: 617.832.7000
> E-mail: scooleybeck@foleyhoag.com
>
> Michael James Cronen, Esq.
> Law Offices of Harris Zimmerman
> 1330 Broadway, Suite 710
> Oakland, CA 94612
> Telephone: 510.465.0828
> Facsimile: 510.465.2041
> E-mail: mcronen@zimpatent.com

Dated: July 12, 2007                                  /s/ Matthew B. Lowrie
                                                                  Matthew B. Lowrie, Esq.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>FASTCAP, LLC.,<br><br>        Defendant. | Civil Action No.:  05-CV-11852-JLT |

### **[PROPOSED] FINAL JUDGMENT**

THIS MATTER comes before the Court upon motion for entry of Final Judgment in this action.

Judgment shall enter as follows:

1. Final judgment is granted in favor of ZipWall on Count I (Patent Infringement – U.S. Patent No. 6,942,004) of the Amended Complaint (Docket No. 3).

2. Final judgment is granted in favor of FastCap on Count II (Patent Infringement – U.S. Patent No. 6,209,615) of the Amended Complaint (Docket No. 3).

3. Count III (Patent Infringement – U.S. Patent No. 6,953,076) of the Amended Complaint (Docket No. 3) is dismissed without prejudice.  By agreement, ZipWall may not pursue claims on the '076 patent against FastCap for the accused products in this case in the event ZipWall is unsuccessful on appeal.

4. On Count I (Declaratory Judgment of Non-Infringement) of the Answer and Counterclaim (Docket No. 6), final judgment is granted in favor of ZipWall in part and in favor of FastCap in part.  Specifically:

      a.    Final judgment is granted in favor of ZipWall on Count I (Declaratory Judgment of Non-Infringement) of the Answer and Counterclaim (Docket No. 6) with respect to U.S. Patent No. 6,942,004.

      b.    Final judgment is granted in favor of FastCap on Count I (Declaratory Judgment of Non-Infringement) of the Answer and Counterclaim (Docket No. 6) with respect to U.S. Patent No. 6,209,615.

      c.    FastCap's request for declaratory judgment in Count I (Declaratory Judgment of Non-Infringement) of the Answer and Counterclaim (Docket No. 6) is dismissed without prejudice with respect to U.S. Patent No. 6,953,076.

5.    Final judgment is granted in favor of ZipWall on Count II (Declaratory Judgment of Invalidity) of the Answer and Counterclaim (Docket No. 6).

6.    The parties shall bear their own fees and costs.

7.    FastCap (and its officers, agents, servants, employees, attorneys, and all those in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise, as well as all successors and assigns) is permanently enjoined from further infringement of U.S. Patent No. 6,942,004 patent as determined in the March 29, 2007 Order (Docket No. 48) and April 9, 2007 Memorandum (Docket No. 49).

IT IS SO ORDERED AND DECREED THIS ___ day of _____, 2007.

                                                   _____
                                                   United States District Judge