IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ZIPWALL, LLC                                    )
                                                )
        Plaintiff and Counterclaim              )          Civil Action No.: 05-11852JLT
Defendant,                                      )
                                                )
v.                                              )
                                                )
FASTCAP, LLC                                    )
                                                )
        Defendant and Counterclaimant.          )

FASTCAP'S OPPOSITION TO ZIPWALL'S

MOTION FOR ENTRY OF FINAL JUDGMENT

AND PERMANENT INJUNCTION

# **TABLE OF CONTENTS**

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   BACKGROUND AND PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . 1

III.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    The Court Should Deny Zipwall's Request For Entry Of Final
            Judgment On The '615 Patent Because It Violates The "One Final
            Judgment" Rule. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              1.)  The '615 Patent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              2.)  The '004 Patent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              3.)  The '076 Patent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B.    The Court Should Deny Zipwall's Motion For Entry Of A Permanent
            Injunction Under The '004 Patent. . . . . . . . . . . . . . . . . . . . . . . . 11

              1.)  Zipwall Cannot Demonstrate It Suffered Irreparable Injury
                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

              2.)  Zipwall Has Not Demonstrated Inadequate Remedies At Law. . 14

              3.)  Zipwall Has Not Demonstrated That The Balance Of Hardships
                 Tips In Its Favor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

              4.)  The Public Interest Would Be Disserved By A Permanent
                 Injunction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>TABLE OF AUTHORITIES</u>

Cases                                                                          Page


*e-Bay, Inc. v. Merc Exchange, LLC*
        126 S.Ct. 1837 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-14

*Knapp-Monarch Co. v. Casco Products Corp.*
        342 F.2d 622 (7th Cir. 1965)
        cert. denied 382 US 828 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*KSR v. Teleflex*,
        07 C.D.O.S. 4654 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Manville SalesCorp. v. Paramount Sys., Inc.*
        917 F.2d 544, 553, 16 USPQ2d 1587, 1594
        (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Merc Exchange, LLC v. e-Bay, Inc.*
        2007 US Dist. LEXIS 54642, July 27, 2007.. . . . . . . . . . . . . . . . . . . . . . 13

*Morpul, Inc. v. Crescent Hosiery Mills*
        265 F.Supp. 279, 153 USPQ 24 (E.D. Tenn. 1967). . . . . . . . . . . . . . . . 7

*National Presto Industries, Inc. v. West Bend Co.*
        76 F.3d 1185, 37 USPQ1685 (Fed. Cir. 1996). . . . . . . . . . . . . . . . . . . . 7

*Praxair v. ATMI*
        479 F.Supp.2d 440 (D.Del. 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Reebock Int'l v. J. Baker, Inc.*
        32 F.3d 1552, 1558 (Fed. Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Roper v. Litton Sys.*
        757 F.2d 1266, 1273, 225 USPQ 345 (Fed. Cir. 1985). . . . . . . . . . . . . . 12

*Schmidt v. Lessard*
  414 U.S. 473 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Spraytex, Inc. v. DJS&T,*
  96 F.3d 1377, 40 USPQ2d 1145 (Fed. Cir. 1996). . . . . . . . . . . . . . . . . . . 5

*Woodard v. Sage Prods., Inc.*
  818 F.2d 841, 844, 2 USPQ2d 1649, 1651
  (Fed. Cir. 1987) (en banc). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Statutes

28 USC §1295(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

35 USC §103. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

35 USC §283. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

35 USC §285. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. Rule 65(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I.    INTRODUCTION

The Court should deny Zipwall's request for entry of final judgment as it violates the "one final judgment" rule and will result in unnecessary piecemeal litigation and appeals.

Zipwall's request for permanent injunction under the '004 Patent should also be denied.  Under the Supreme Court's recent decision in the *e-Bay* case, a proper weighing and balancing of traditional equitable considerations of the specific facts of this case shows Zipwall's injunction request should be denied.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff ZipWall, LLC ("Zipwall") alleges FastCap's infringement of three patents.  The patents-in-suit include: U.S. Patent No. 6,209,615 ("the '615 patent"); U.S. Patent No. 6,924,004 ("the '004 patent"); and U.S. Patent No. 6,953,076 ("the '076 patent"). All three of these patents issued from related continuation applications[1] covering a spring-loaded partition mount and clip for

---

[1]  The patents-in-suit are all part of a family of continuation applications that include application No. 10/865,174, now the '076 patent,  which is a continuation of application No. 10/301,233,  now the '004 patent, which is a continuation of application No. 09/884,337, now U.S. Patent No. 6,508,295, which is a continuation of application No. 09/613,645, now U.S. Patent No. 6,321,823, which is a continuation of application No. 09/302,122, now the '615 patent, which is a continuation of application No. 08/740,372, now U.S. Patent No. 5,924,469.

1

installing plastic sheeting.   Because these patents issued on continuation

applications, they share the same written descriptions, specifications and

drawings.

Among Zipwall's asserted patents, the '615 patent is the oldest, having

issued more than six years ago.  See, Document 3-1 (Amended Complaint, p.1:15).

The '004 patent issued on September 13, 2005, which was more than four

years after the '615 Patent issued.  Zipwall filed its Complaint upon issuance of

the '004 Patent.  Significantly, Zipwall's initial Complaint did not allege

FastCap's infringement of the older '615 Patent.  See, Document 1-1 (Complaint).

The '076 patent issued on October 11, 2005, approximately one month after

the '004 Patent issued.  The same day, Zipwall filed its Amended Complaint

alleging FastCap's infringement of the '076 Patent.  Zipwall's Amended

Complaint also added the '615 Patent to Zipwall's infringement claims.  See,

Document 3-1 (Amended Complaint, p.1:16).

Zipwall never sought any preliminary injunctive relief in connection with

any of its claims of patent infringement set forth in its Complaint or its Amended

Complaint.

Upon receipt of Zipwall's Complaint, which was served on October 20,

2005, FastCap immediately ceased making, using, offering for sale, or selling its accused clip product.  See, Declaration of Paul Akers In Opposition To Motion For Final Judgment And Permanent Injunction, ¶2.  FastCap immediately pulled the item from its inventory and removed any reference or instructions relating to the accused item.  Akers Dec., ¶3.   This included physically removing the accused product and related written materials from all product packaging within FastCap's possession, custody or control.  Id.  The item was also immediately removed from FastCap's company website, <www.fastcap.com>.  Akers Dec., ¶4.  FastCap also required all of its distributors and sales people to discontinue marketing and/or selling the accused item to any of their customers or colleagues.  Id.

Thereafter, FastCap went about developing a new dust barrier product modeled on an old prior art design.  Akers Dec., ¶5.   FastCap is currently selling its new product in the marketplace.  FastCap sent Zipwall a sample of this new product for review.  Id.  Zipwall recently contended that FastCap's new product creates "serious" concerns; however, Zipwall has not said what theses concerns are.  Id.

On June 26, 2006, the Court stayed discovery in the case and, subsequently, the Court ruled on the parties' cross-motions for summary judgment as follows: 1.) FastCap's "'DB Clip,' when used in conjunction with 'Third Hand' to form a

mounting system infringes claim 35" of the '004 Patent;  2.)  FastCap's "'Third Hand' device does not infringe" the '615 Patent; and 3.) "both cross-motions are DENIED with respect to" the '076 Patent.  Order dated March 29, 2007 [#48].

On June 13, 2007, the Court issued its Order setting a status conference for July 19, 2007.  The purpose of the conference was to set a trial date and various related discovery and pretrial deadlines.  In this connection, FastCap filed its Status Report [#51] on July 12, 2007. [2]

During the conference, it appeared the parties had made headway toward settlement.  As a result, the Court issued an Order dated July 23, 2007, allowing time for further settlement discussions, and holding in abeyance Zipwall's present motion. See, Document No. 55.  Unfortunately, the parties were "unable to reach an agreement" and, therefore, pursuant to the Court's July 23 Order, FastCap hereby respectfully submits its opposition to "Plaintiff's Motion for Permanent Injunction and Entry of Final Judgement" [#53].

---

[2] FastCap's Status Report [#51] noted that the Court's summary judgment ruling significantly narrowed the issues for trial, and requested the Court to "lift the current stay of discovery and to allow for a period of expert discovery with respect to expert witness opinions and testimony, including rebuttal opinions and testimony, to be offered at trial and to aid in the disposition of the action." FastCap's Status Report, p.10.

## III.    DISCUSSION

### A.    The Court Should Deny Zipwall's Request For Entry Of Final Judgment On The '615 Patent Because It Violates The "One Final Judgment" Rule

Zipwall's request for entry of partial final judgment, limited to the '615Patent, concerns the appellate jurisdiction of the Court Of Appeals for the Federal Circuit. Therefore, Federal Circuit law governs Zipwall's request for entry of final judgment. *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 40 USPQ2d 1145 (Fed. Cir. 1996); *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed. Cir. 1987) (en banc).

Under Federal Circuit law, appellate jurisdiction is limited to "an appeal from a <u>final decision </u> of a district court of the United States". 28 USC §1295(a) (emphasis added). "In a case involving more than one claim, there is no final decision until a judgment is entered adjudicating all of the claims." *Spraytex v. DJS&T*, 96 F.3d at p. 1380. In *Spraytex*, the Federal Circuit adopted the bright-line rule that "consolidated cases", like multiple claims and counterclaims in one action, are treated as "one merged unit" and that "there may be no appeal of a judgment disposing of fewer than all aspects" of the action. *Spraytex v. DJS&T*, 96 F.3d at p. 1380.

### 1.)    The '615 Patent

5

In the present case, the Court entered summary judgment that FastCap has not infringed the '615 Patent. Because Zipwall never had any reasonable basis for believing that FastCap infringed the '615 Patent, FastCap intends to file a motion for its attorneys fees under 35 USC §285, upon entry of final judgment in the case. Thus, the issue of attorneys fees is at least one aspect of the case that remains to be resolved with respect to the '615 Patent.

### 2.) The '004 Patent

Regarding Zipwall's '004 Patent, the Court's summary judgment ruling only found that Claim 35 was valid and infringed. As to the issue of patent validity, however, the Supreme Court's recent decision in *KSR v. Teleflex*, 07 C.D.O.S. 4654 (2007) leaves Zipwall's '004 patent vulnerable to a finding of invalidity for obviousness under 35 USC §103. This is because the Supreme Court's *KSR* decision eliminated the Federal Circuit's difficult-to-establish "teaching, suggestion or motivation test", which applied at the time of the Court's summary judgment ruling.

In any event, the Court's summary judgment ruling under the '004 Patent left the issue of damages open for resolution before any final judgment may be entered in the case. It appears, however, that Zipwall cannot establish any damages under the '004 Patent because FastCap quit its accused activity upon

6

receipt of Zipwall's Complaint.

Under the Federal Circuit's decision in *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 37 USPQ1685 (Fed. Cir. 1996), FastCap cannot be held liable for direct infringement before the '004 patent issued and, accordingly, claims for induced and contributory infringement also cannot be based upon FastCap's pre-issuance activities. Indeed, Zipwall's infringement claims under the '004 Patent should be dismissed, with prejudice, on de minimis infringement grounds. *Knapp-Monarch Co. v. Casco Products Corp.*, 342 F.2d 622 (7th Cir. 1965) cert. denied 382 US 828 (1965); See, *Morpul, Inc. v. Crescent Hosiery Mills*, 265 F.Supp. 279, 153 USPQ 24 (E.D. Tenn. 1967).

Zipwall tells the Court that it will waive damages on the '004 Patent if the Court permits Zipwall to take an appeal of its adverse ruling on the '615 Patent to the Federal Circuit. This purported waiver of damages is illusory. Zipwall admits that it is waiving damages only if the Federal Circuit affirms the '615 Patent summary judgment ruling. If the ruling is remanded, Zipwall seeks to reserve the right to reinstate its damages claim against FastCap under the '004 Patent.[3]

---

[3] Zipwall may achieve immediate appellate review of the Court's adverse ruling under the '615 Patent, which Zipwall deems its most important asserted patent, only if Zipwall's infringement claims under its '004 (clip) and its '076 (method) Patents are dismissed with prejudice.

This would be highly prejudicial to FastCap.  Presuming the claim is not dismissed with prejudice, FastCap is presently ready to conclude fact and expert discovery, including the filing of expert reports, and to go to trial on the issues of damages and/or invalidity under the '004 Patent.   Under Zipwall's proposal, this damages trial could be delayed for several years or more, making it more difficult to mount a proper defense to any damage claim asserted by Zipwall.  Matters such as the thinking of a licensor or licensee in connection with a reasonable royalty determination, the current business climate for hypothetical license negotiations, the existence or non-existence of non-infringing substitutes, and other marketplace factors effecting patent damages calculations become more and more difficult to establish as time passes.

Further, the Court's entry of one final judgment, including in connection with the damages aspect of the case, will impact FastCap's decision whether to seek an appeal of the Court's summary judgment ruling under the '004 Patent. While FastCap respectfully disagrees with the Court's construction of the disputed claim language of Claim 35 of the '004 Patent, i.e. "the plurality of legs extending about at least one side surface", FastCap is not likely to appeal this aspect of the case if little or no damages are found.

### 3.)  The '076 Patent

Zipwall's proposed dismissal under the '076 Patent is even more illusory than its proposed dismissal under the '004 Patent. Here, the Court denied summary judgment on <u>both parties</u>' cross-motions for summary judgment. This left all aspects of Zipwall's claim and FastCap's counterclaim, i.e. infringement, invalidity, unenforceability, damages, unresolved. Thus, Zipwall's proposal to dismiss its '076 Patent claims "without prejudice" leaves FastCap open to future lawsuits under the '076 Patent regardless of the result of any appeals taken under the '615 and/or '004 Patents.

Moreover, it is highly unlikely Zipwall will be able to establish any liability for infringement of its '076 Patent. The '076 Patent issued on October 11, 2005, and when FastCap received service of Zipwall's Complaint, nine days later, FastCap ceased all activity in connection with this matter. During this nine-day period between issuance and service of Zipwall's Complaint, FastCap did not itself practice any methods for mounting a partition, and accordingly cannot be charged with direct infringement of the '076 Patent. Akers Dec., ¶6. As for indirect infringement, both induced and contributory infringement require intent and knowledge of the patent. See, e.g., *Manville SalesCorp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553, 16 USPQ2d 1587, 1594 (Fed. Cir. 1990) (Patentee must establish actual induced infringement and that defendant knew or should have

9

known such actions would in fact induce or contribute to actual infringements by others). FastCap had no such knowledge, and clearly no intent since it immediately ceased its activities when it was served with <u>Zipwall's Complaint, which did not even allege or otherwise refer to the '076 Patent</u>. Zipwall in fact has produced no evidence of infringement of the '076 Patent by anyone.

Finally, the fact that FastCap sent Zipwall a sample of its new, redesigned dust barrier product, which met with Zipwall's expression of "serious" concerns, shows there has been no final resolution of the parties' dispute in this case. This is further reason to deny Zipwall's request for entry of final judgment.

In sum, the Court should not enter a final judgment on the current record as this would not serve the purposes of appellate efficiency under the one final judgment rule. Because all three patents-in-suit are related, sharing the same written descriptions, specifications and drawings, and because all of Zipwall's infringement claims involve the same factual circumstances, the claims and counterclaims in this case constitute one unit for jurisdictional purposes. In accordance with the final judgment rule and to avoid uncertainty for the parties, the Court should therefore deny Zipwall's motion.

**B.  The Court Should Deny Zipwall's Motion For Entry Of A**

10

## Permanent Injunction Under The '004 Patent

In a unanimous decision, the Supreme Court recently rejected the Federal Circuit's rule that a presumption of irreparable harm arises from a finding of infringement which is generally sufficient to warrant permanent injunctions in patent cases.  In *e-Bay, Inc. v. Merc Exchange, LLC*, 126 S.Ct. 1837 (2006), the Supreme Court vacated the judgment of the Federal Circuit and remanded the case to the district court, holding that "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards."  Id.   This requires a weighing and balancing of "the traditional four-factor frame work that governs the award of injunctive relief".   Id.

The Supreme Court also noted that the Patent Act, 35 USC §283, "provides that '[t]he several courts having jurisdiction of cases under this title <u>may</u> grant injunctions in accordance with the principles of equity <u>to prevent the violation </u>of any right secured by patent, on such terms as the court deems reasonable." (Emphasis added)."  *e-Bay*, 126 S.Ct. at p. 1841.

In the present case, like the *e-Bay* case, a proper weighing of equitable considerations shows Zipwall's motion for permanent injunction should be denied.

11

### 1.) **Zipwall Cannot Demonstrate It Suffered Irreparable Injury**

In *e-Bay*, the Court emphasized that traditional equitable principles require a plaintiff-patentee to demonstrate it suffered irreparable harm.  The burden is on the plaintiff to prove there is irreparable harm to be prevented. This is because an injunction request is traditionally treated as a prospective motion in equity.

In the present case, there are numerous facts weighing against a finding that Zipwall suffered irreparable harm, or that there are any current or threatened future activities to "prevent" by way of injunctive relief.

For example, FastCap has not made, used, offered for sale or sold its DB Clip since it was served with Zipwall's Complaint in 2005. Thus, Zipwall's request for prospective equitable relief is in fact moot.  Where, as here, the evidence shows that the non-movant has ceased the complained-of activities, this weighs against an injunction as unnecessary.  *Reebock Int'l v. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir. 1994); *Roper v. Litton Sys.*, 757 F.2d 1266, 1273, 225 USPQ 345 (Fed. Cir. 1985) ("[M]ere apprehension of potential future infringement" cannot justify injunction where "nothing of record establishes present infringement or an immediate threat of renewed infringement") (Emphasis in original).  This also comports with the language of 35 USC §283, which limits injunctive relief to "prevent[ing]" future violations.

Further, the fact that FastCap has redesigned its product makes a return to its accused design highly unlikely if an injunction does not issue. Indeed, on remand from the Supreme Court, the district court in the *e-Bay* case found that the defendant's redesigned product weighed against equitable relief and denied the patentee's motion for permanent injunction. *Merc Exchange, LLC v. e-Bay, Inc.*, 2007 US Dist. LEXIS 54642, July 27, 2007.

The fact that Zipwall never sought nor obtained any preliminary injunctive relief in connection with its Complaint or Amended Complaint is further evidence that Zipwall has not suffered any irreparable harm in this case.

Zipwall has simply failed to carry its burden to establish irreparable harm. Zipwall states that because FastCap's support poles compete with Zipwall's products, this is evidence of irreparable harm. What Zipwall fails to mention is that FastCap quit selling the accused product in 2005. Zipwall also fails to mention there are many non-infringing substitutes that also compete with Zipwall's products in the marketplace. For example, the Court's summary judgment ruling found that FastCap's competitive Third Hand support pole does not infringe Zipwall's patent rights. See also, Osmundsen Dec., ¶2 [#41].

Zipwall also argues that its "right to exclude others" requires injunctive relief; however, Zipwall fails to say why this is. While the right to exclude is

13

implicated in patent cases, there is no irreparable injury to this right where, as here, the complained-of activity ceased long ago.

### 2.) Zipwall Has Not Demonstrated Inadequate Remedies At Law

In *Praxair v. ATMI*, 479 F.Supp.2d 440 (D.Del. 2007), the Court found the plaintiff had not met its burden under *e-Bay* "to put forth sufficient proof *vis a vis* the broad scope of relief requested." For example, the Court in *Praxair* noted the plaintiff provided no specifics regarding sales or market data to assist the Court, did not identify lost customers or revenues, and failed to carry its burden to "iterate specific reasons why infringement cannot be compensated with a monetary award." Id. at p. 444.

Here, Zipwall argues an injunction is required because monetary relief is inadequate; however, Zipwall fails to "iterate specific reasons why infringement cannot be compensated with a monetary award." *Praxair v. ATMI*, 479 F.Supp.2d at p. 444.

### 3.) Zipwall Has Not Demonstrated That The Balance Of Hardships Tips In Its Favor

Zipwall contends the "balance of hardships weighs in favor of an injunction" because, otherwise, Zipwall would lose "the right to exclude" as "holder of the patents-in-suit". Zipwall's Motion, p. 6 [#53].

14

This is a misstatement.  The only patent claim at issue on this motion for permanent injunction is Claim 35 of the '004 Patent, because this is the only claim found to be infringed in the Court's summary judgment ruling.  As a result, the Court's ruling is limited to a very specific item, i.e. FastCap's "'DB Clip,' when used in conjunction with the 'Third Hand' to form a mounting system".

Therefore, it appears that Zipwall's injunction request, which covers all claims of the '004 Patent [See, Exhibit 1 to Zipwall's Motion, Document No. 53-2], is overly broad, covering claims which have not been found to be infringed. On balance, the proposed hardship of Zipwall's proposed overly broad injunction tips in favor of FastCap.

The fact that such an injunction would allow Zipwall to assert infringement against FastCap's new, redesigned product  by way of abbreviated contempt proceedings, instead of the typical procedure of filing suit, is another hardship that tips in favor of FastCap.

### 4.)    The Public Interest Would Be Disserved By A Permanent Injunction

Zipwall argues that the public interest would not be disserved by the proposed injunction because "the public interest favors protection of" patent rights.  However, the public also has an important interest in free market

15

competition. Indeed, the law encourages designing around patented inventions to serve the public's interest in a competitive economy.

As set forth above, Zipwall's proposed injunction is overly broad and covers claims of the '004 Patent which have not been found to be infringed by any item made, used, sold, or offered for sale by FastCap. Thus, Zipwall's proposed injunction would disserve the public interest in free competition and this is another factor that weighs in favor of denying Zipwall's motion.

Zipwall's proposed injunction also disserves the public interest underlying the notice requirements embodied in Fed. R. Civ. P. Rule 65(d). Under Rule 65(d), "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The policy underlying the rule is "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473 (1974).

Here, Zipwall's proposed injunction improperly refers to other documents (i.e. "Docket No. 48" and "Docket No. 49") and fails to provide specific terms relating to Claim 35 of the '004 Patent, which is the only claim of the patents-in-

16

suit found to be infringed. Zipwall's proposed injunction therefore disserves the public interest in preventing uncertainty and confusion on the part of those faced with injunctive orders, and this is further reason to deny Zipwall's motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Zipwall's Motion For Entry Of Final Judgment And Permanent Injunction.

Respectfully submitted,

Dated: September 6, 2007

By:  /s/ Michael James Cronen
Michael James Cronen

Harris Zimmerman, Cal. Bar No. 22653
Michael James Cronen, Cal. Bar No. 131087
ZIMMERMAN & CRONEN, LLP
1330 Broadway, Suite 710
Oakland CA 94612
Telephone:510.465.0828
Facsimile:510.465.2041
E-mail: mcronen@zimpatent.com

Sarah Cooleybeck (BBO#631161)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
Telephone:617.832.1000
Facsimile:617.832.7000
E-mail: scooleybeck@foleyhoag.com

Attorneys for Defendant and Counterclaimant, FastCap, LLC

17

## CERTIFICATE OF SERVICE

I hereby certify that a true a correct copy of the foregoing was served upon counsel listed below by electronically filing with the court on September 6, 2007.

Matthew Lowrie, Esq.
Aaron W. Moore, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, 11th Fl.
Cambridge, MA 02142

Dated: September 6, 2007                    /s/ Jennifer L. Lynx

18