IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZIPWALL, LLC,

        Plaintiff,

v.

FASTCAP, LLC.,

        Defendant.

Civil Action No.: 05-CV-11852-JLT

**ZIPWALL, LLC'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR ENTRY OF FINAL JUDGMENT,
<u>INCLUDING ENTRY OF PERMANENT INJUNCTION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

I.     FINAL JUDGMENT SHOULD BE GRANTED ................................................................ 1

        A.     The '615 Patent ........................................................................................... 2

        B.     The '004 Patent ........................................................................................... 2

        C.     The '076 Patent ........................................................................................... 4

        D.     FastCap's New Product Is Irrelevant ......................................................... 5

II.     PERMANENT INJUNCTIVE RELIEF IS APPROPRIATE ............................................. 6

        A.     ZipWall Has Suffered Irreparable Injury ................................................... 7

        B.     Remedies at Law Are Inadequate to Compensate ZipWall .................... 8

        C.     The Balance of Hardships Weighs in Favor of an Injunction ................. 9

        D.     The Public Interest Is Not Disserved by an Injunction ......................... 10

        E.     Every Factor Weighs in Favor of a Permanent Injunction ................... 11

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                                Page No.

eBay Inc. v. MercExchange, L.L.C.
    126 S. Ct. 1837 (2006)......................................................................................................9

General Electric Co. v. New England Electric Mfg.
    128 F. 738 (2d Cir. 1904) ...............................................................................................10

Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.
    397 F. Supp. 2d 537 (D. Del. 2005)..................................................................................7

KSM Fastening Sys., Inc. v. H.A. Jones Co.
    776 F.2d 1522 (Fed. Cir. 1985).......................................................................................10

KSR v. Teleflex
    127 S. Ct. 1727 (2007).......................................................................................................3

MercExchange, L.L.C. v. eBay Inc.
    2007 U.S. Dist. LEXIS 54642 (E.D. Va. July 27, 2007) .............................................. 8

MercExchange, L.L.C. v. eBay, Inc.
    401 F.3d 1323 (Fed. Cir. 2005).......................................................................................10

Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.
    575 F.2d 1152 (6th Cir. 1978) .......................................................................................... 8

Praxair v. ATMI
    479 F. Supp. 2d 440 (D. Del. 2007)..................................................................................9

Reebok Int'l v. J. Baker, Inc.
    32 F.3d 1552 (Fed. Cir. 1994) ..........................................................................................7

Roper Corp. v. Litton Sys., Inc.
    757 F.2d 1266 (Fed. Cir. 1985).........................................................................................7

W.L. Gore & Associates, Inc. v. Garlock, Inc.
    842 F. 2d at 1275 (Fed. Cir. 1988)..................................................................................10

**INTRODUCTION**

ZipWall has proposed a solution to permit entry of Final Judgment without the need for a trial, saving the time and money of the Court and both parties; FastCap appears to fight it for the sake of fighting, with no good reason, either legally or practically.  In view of ZipWall's willingness to waive damages with respect to infringement of the '004 patent and dismiss its count of infringement with respect to the '076 patent, the case is ready for Final Judgment and the Court should enter it, consistent with the "just, speed and inexpensive determination of every action."  Fed. R. Civ. P. 1.

As to FastCap's opposition to a permanent injunction, FastCap has made no showing as to why this case should be treated differently than the typical patent infringement case in which an infringer sold a product in competition with the plaintiff's product.  A permanent injunction is appropriate in these circumstances.  FastCap's argument boils down to its contention that it has already stopped selling the DB Clip – but if this is true and FastCap has no intention to resume sales, then there is no way it could be harmed by the issuance of a permanent injunction (and no reason for FastCap to have gone to the expense of opposing the motion – perhaps indicating the possibility of resumed sales).  Without an injunction, however, ZipWall would have no remedy (short of re-litigating by way of a new civil complaint) if FastCap began selling its DB Clip again or acting in concert with others to achieve this.  As virtually every other Court has decided, in a situation where a competitor has sold infringing goods, a permanent injunction should issue in this case.

**I.    FINAL JUDGMENT SHOULD BE GRANTED**

ZipWall's proposed Final Judgment would dispose of every aspect of the case.  By ZipWall's waiving of damages and dismissing the '076 patent, there are no further decisions for

the Court to reach in this case, i.e., no case or controversy remains. The entire premise of FastCap's opposition fails because it does not recognize this fact.

    A.    **The '615 Patent**

FastCap admits that no aspect of the case remains with respect to the '615 patent. (See Docket No. 58, at 5.)

Its argument, that it plans to file a motion for attorneys fees under 35 U.S.C. § 285, is meaningless because, *as FastCap even acknowledges* (id.), such a motion would not be filed under <u>after</u> entry of Final Judgment. That aspect of the case does not need to be resolved prior to Final Judgment. (ZipWall also believes that such a motion would be sanctionable under Rule 11, but that is an issue that can be examined should such a motion to be made.)

In short, FastCap is necessarily forced to concede that the case is ready for Final Judgment on the '615 patent and this is the patent that ZipWall wishes to appeal on claim construction.

Were the Court to deny ZipWall's motion for Final Judgment, ZipWall would request Final Judgment (and separation) on just the '615 patent claims under Fed. R. Civ. P. 54(b), to permit an immediate appeal – which actually highlights the ridiculousness of FastCap's position. Once this is done (and there is no question that Final Judgment is appropriate on the '615 patent), the Court would then have to conduct a trial on damages for just the '004 patent – damages that ZipWall has otherwise offered to waive if the Court enters Final Judgment on the entire case now.

    B.    **The '004 Patent**

FastCap's argument with respect to the '004 patent misses the fundamental point that ***ZipWall is waiving damages on the '004 patent. The issue is therefore no longer in the case as***

2

*it stands.*

ZipWall's proposed waiver is not illusory, and it is facially ridiculous for FastCap to argue *that a waiver of damages prejudices FastCap*. If ZipWall does not prevail on appeal, there will be no trial and no monetary compensation for what this Court has held to be an infringement. Regardless of whether there is a trial now, if ZipWall prevails on appeal, there will be a trial following the appeal, and that trial will have to include a damages component with respect to the '615 patent. Thus, any alleged prejudice that may occur from the passage of time will be incurred *regardless of whether there is a trial now*.

Of course, in reality, FastCap will suffer no prejudice under any circumstance if a trial is avoided at this time because, ironically, FastCap reveals that its damages contention is that there are no damages (or de minimis damages) for infringement of the '004 patent. It will not be any more difficult for FastCap to prove no infringing sales a year from now than it is to show this now, and it is FastCap that is in a position to preserve this evidence in any event.

It appears that FastCap's real motivation for opposing entry of Final Judgment is an improper backdoor attempt to seek reconsideration of the Court's validity findings. FastCap suggests the Court's decision should be overturned in view of a recent Supreme Court decision, KSR v. Teleflex, 127 S. Ct. 1727 (2007), but there is no basis to seek reconsideration of the Court's summary judgment decision in an opposition to the present motion. If FastCap believes that the KSR decision provides grounds for a motion for reconsideration, it should have filed such a motion.

Such a motion would, however, have no chance of success. The only invalidity argument of FastCap from its summary judgment briefing that could be effected by the KSR decision is its argument that the combination of the Brown reference with prior art dust barriers rendered

3

claims obvious, but as the Court recognized, this was a vague, single paragraph argument made by FastCap in its summary judgment briefing that was entirely "conclusory and unsupported by evidence". (Docket No. 49, at 13.)

The KSR decision would do nothing to remedy FastCap's lack of proof and FastCap cannot use a motion for reconsideration (were one ever to be made) to present all new evidence and argument. In short, it is impossible for KSR to have any impact on this Court's decision because, with or without KSR, FastCap presented virtually no evidence or reasoning.

When confined to the issues that are relevant to whether the Court should enter Final Judgment, it is clear that Final Judgment can and should be granted with respect to the '004 patent because there are no issues to be resolved after ZipWall's waiver of damages and resolution of the pending motion for entry of an injunction.

### C.     The '076 Patent

If Final Judgment enters as requested, there is also no case or controversy over the '076 patent. FastCap argues, however, that ZipWall's proposal for Final Judgment leaves FastCap open to future lawsuits regardless of the result of any appeals on the '615 and '004 patents – this is simply false. Paragraph 3 of the Proposed Final Judgment provides: "By agreement, ZipWall may not pursue claims on the '076 patent against FastCap for the accused products in this case in the event ZipWall is unsuccessful on appeal." (Docket No. 53, Exhibit 1, ¶ 3.)

FastCap also argues that ZipWall will likely be unable to establish liability for infringement of the '076 patent – if so, why not end the case now? If FastCap is correct, what is the point in conducting needless discovery and having a trial before dismissing the claims for the '076 patent? None of the alleged facts set forth by FastCap will be any more difficult for FastCap to establish at a later date. In fact, any prejudice from having to conduct discovery and

4

prove infringement of this patent at a later date would seem to belong to ZipWall, which is willing to suffer any such prejudice so that the case can proceed more efficiently.

As with the other two patents-in-suit, no issues need to be resolved with respect to the '076 patent in view of ZipWall's offer to dismiss the patent, and therefore Final Judgment should be granted.

### D.　FastCap's New Product Is Irrelevant

In its opposition, FastCap provides information regarding a new dust barrier product it is apparently now selling in the marketplace. Like most of FastCap's arguments, everything mentioned about this new product is irrelevant to the consideration of whether to enter Final Judgment.

FastCap argues that the existence of a new, redesigned dust barrier product that is not a part of this lawsuit "shows there has been no final resolution of the parties' dispute in this case." (Docket No. 58, at 10.) This is nonsense. Infringement by the new product is not asserted in this lawsuit, nor could it have been – it did not exist when the Complaint was filed.

Assuming discovery is re-opened and a trial occurs regarding damages on the '004 patent and liability on the '076 patent, as FastCap apparently desires, there will still be no decision as to whether this new product infringes. At that point, will FastCap still oppose Final Judgment on the grounds that the Court has not resolved whether an unasserted product infringes? If FastCap seeks to add the new product to the case, that is an issue for another motion, not grounds for opposing Final Judgment.

More important, the appeal of the '615 patent is even more important to resolve *before* addressing infringement of the new product. If ZipWall is successful in its appeal of the claim construction in the '615 patent, the new product may very well infringe the new patent. If not,

5

then ZipWall will not contend that the new product infringes the '615 patent. Once again, it is far more efficient to conclude an appeal of the Court's current judgment *before* addressing infringement of the new product.

Since the matter has now been raised by FastCap, however, it is worth mentioning FastCap's mischaracterizations and omitted facts. First, FastCap fails to mention that it did not disclose this new product to ZipWall until August 8, 2007, ***after the last status conference with the Court***. It is this new product that prevented FastCap from agreeing to a procedure that would involve vacating the Court's summary judgment and settling the case, because FastCap would not agree to any settlement that did not give FastCap a right to sell the new product. The context of ZipWall's statement that the new patent raised "serious" issues was merely to inform FastCap that while the new product raised serious issues, ZipWall was not willing to consider it as part of a settlement (particularly because, if ZipWall's construction of the '615 patent is correct, the new product infringes this patent). Incidentally, the statement was made in a letter designated "Confidential Communication – For Settlement Purposes Only", and thus FastCap's disclosure and use of this statement to the Court in a public pleading violates Federal Rule of Evidence 408.

In any event, the existence of FastCap's new product is irrelevant to Final Judgment in the present case, should not prevent Final Judgment from being entered in this case involving a different product, and actually speaks in favor or permitting an appeal to proceed immediately on the '615 patent.

## II.    PERMANENT INJUNCTIVE RELIEF IS APPROPRIATE

A permanent injunction barring further infringement by a competitor is appropriate and the norm. FastCap attempts to avoid a permanent injunction by engaging in circular reasoning. FastCap is unable to explain how it would be harmed by a permanent injunction since it has

already supposedly stopped selling the infringing product. Therefore, the only "harm" that FastCap would suffer is that it would be prohibited from starting to sell the infringing product again. However, FastCap should not be allowed to sell a product that has been found to infringe, and allowing FastCap to resell its infringing product is precisely the irreparable harm that ZipWall would suffer if an injunction did not issue.

### A.   ZipWall Has Suffered Irreparable Injury

Because FastCap's infringing product is the main competition with ZipWall's products (the only alternative supplier for the Amazon.com website), ZipWall has suffered irreparable harm and will suffer irreparable harm if no injunction issues and FastCap is not restrained from selling the DB Clip again. ZipWall's right to exclude under the '004 patent would be rendered meaningless.

To argue otherwise, FastCap can only make legally incorrect assertions.

First, FastCap argues that it ceased sales of the infringing product and that this weighs against irreparable harm – citing cases addressing only whether to issue a *preliminary* injunction, not a permanent injunction. See Reebok Int'l v. J. Baker, Inc., 32 F.3d 1552, 1558 (Fed. Cir. 1994); Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1273 (Fed. Cir. 1985). The consideration at that stage is much different because a court is only evaluating whether to issue an injunction that applies during the lawsuit, not after a final finding of infringement.

Tellingly, FastCap is unable to cite to a single case applying this reasoning to deny a motion for a permanent injunction. There are cases, of course, holding the opposite. E.g., Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 397 F. Supp. 2d 537, 544-45 (D. Del. 2005) (defendant's stopping infringement and offering a design around did not provide a reason to deny an injunction – if the design around product was successful, then the injunction would do

7

no harm to the defendant, but if the design around product was unsuccessful, then an injunction would be necessary to avoid the temptation to return to the infringing behavior), aff'd, 493 F.3d 1358 (Fed. Cir. 2007).

Second, FastCap's citation to the district court's decision on remand in the eBay case is incorrect. MercExchange, L.L.C. v. eBay Inc., 2007 U.S. Dist. LEXIS 54642 (E.D. Va. July 27, 2007). That court specifically stated that its decision was not impacted by the purported design around by the infringer. Id. at *51-53 n.16.

Third, FastCap argues, without explanation, that because there are allegedly "non-infringing substitutes" to ZipWall's products covered by the patents-in-suit, no injunction should issue. This is an issue that arises in determining an award lost profits. See Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1156 (6th Cir. 1978). It is irrelevant to the consideration of whether to issue a permanent injunction, however. Notably, FastCap cites no case law to support its relevance in this context. Moreover, FastCap provides no evidence of a single product that is actually a non-infringing substitute, instead merely asserting without any support that FastCap's Third Hand support pole, without the DB Clip, is such a product. It is a product, but it is not a substitute as FastCap's past infringement amply demonstrates.

ZipWall has demonstrated irreparable harm, and FastCap's only response is to assert arguments, without legal support, that have routinely been rejected in an injunction analysis.

**B.     Remedies at Law Are Inadequate to Compensate ZipWall**

ZipWall has demonstrated that FastCap is its largest competitor, and absent an injunction, ZipWall would be denied its right to exclude it from practicing the invention, effectively giving no value to its right to exclude under the '004 patent. (See Declaration of Jeffrey Whittemore, Docket No. 54, ¶¶ 2-3.)

8

FastCap cites to Praxair v. ATMI, 479 F. Supp. 2d 440 (D. Del. 2007), in an attempt to argue that the detailed reasoning and support for injunctive relief set forth by ZipWall in its motion and the supporting declaration of Jeffrey Whittemore is insufficient proof.  However, in Praxair, the court was not addressing whether to issue an injunction prohibiting the infringing party from selling the infringing product going forward, but instead was considering whether to enjoin use of the infringing products that were already sold to customers and order a mandatory recall of these products.  Id. at 443.  The third party customers that would be affected by such an injunction were semiconductor manufacturers running billion dollar fabrication plants, and these third party semiconductor manufacturers might incur significant costs to comply with such an injunction.  Id.  The court did not address whether to issue an injunction preventing future sales of the infringing product.  This is the type of injunction ZipWall seeks and which courts have routinely and appropriately granted in similar circumstances.  See eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1842 (2006) (J. Kennedy, concurring) ("To the extent earlier cases establish a pattern of granting an injunction against patent infringers almost as a matter of course, this pattern simply illustrates the result of the four-factor test in the contexts then prevalent.  The lesson of the historical practice … is most helpful and instructive when the circumstances of a case bear substantial parallels to litigation the courts have confronted before.").

ZipWall does not seek to recall the infringing products already sold by FastCap.  Praxair is therefore inapplicable, and ZipWall has made a sufficient showing that in this case, like virtually every other patent case *between competitors*, monetary relief would be inadequate.

### C.     The Balance of Hardships Weighs in Favor of an Injunction

FastCap effectively concedes that the balance of hardships weighs in favor of granting the injunction because it makes no argument that it would be harmed by an injunction.  It cannot.

9

See W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F. 2d at 1275, 1282 (Fed. Cir. 1988) (quoting General Electric Co. v. New England Electric Mfg., 128 F. 738, 740 (2d Cir. 1904)) ("The argument in such circumstances is very simple. If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest, the court should place a strong hand upon him.").

FastCap expresses concern about non-asserted claims of the '004 patent being included in the injunction, but this is not a hardship because FastCap has never been accused of infringing these claims. In any event, this can easily be remedied by limiting the injunction to claim 35 of the '004 patent.

FastCap also expresses concern that its new product could be the subject of a contempt proceeding, but this is again not a hardship that it would suffer. If there are more than colorable differences between FastCap's new product and its DB Clip infringing product (i.e., if there are substantial disputed issues that would have to be litigated with respect to whether the new product infringes claim 35 of the '004 patent), then it cannot be subjected to a contempt proceeding. See KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1528-32 (Fed. Cir. 1985). In any event, the Federal Circuit has already held that fear of a contempt proceeding is not a basis for denying a permanent injunction. See MercExchange, L.L.C. v. eBay, Inc., 401 F.3d 1323, 1339 (Fed. Cir. 2005), rev'd on other grounds, 126 S. Ct. 1837 (2006).

The balance of hardships weighs heavily in favor of an injunction.

### D.     The Public Interest Is Not Disserved by an Injunction

FastCap also effectively concedes that the public interest factor weighs in favor of an injunction. FastCap argues that the public interest encourages designing around patents, but nothing in the permanent injunction prevents FastCap from designing around the '004 patent.

10

FastCap also argues that the free competition would be harmed by an injunction because the proposed injunction covers all claims of the '004 patent, rather than just claim 35. This is not true because entities are not free to infringe the other claims of the '004 patent, regardless of whether an injunction issues. In any event, the injunction only applies to the product accused of infringement, and merely colorable variants, and so the issue is moot – selling such product infringes claim 35 and it is irrelevant whether it infringes other claims as well.

### E.     Every Factor Weighs in Favor of a Permanent Injunction

Balancing the above four factors, each factor weighs in favor a permanent injunction. FastCap does not try to explain, and is unable to, what differentiates this case from numerous other patent cases in which courts have ordered permanent injunctions against future infringement where the parties sold competing products. In line with the long tradition of granting injunctive relief upon a finding of patent infringement in such circumstances, an injunction should issue.

### CONCLUSION

For the foregoing reasons, ZipWall respectfully requests that Final Judgment be entered, including an injunction against further sales.

          Respectfully submitted,

          ZIPWALL, LLC

Dated: October 31, 2007      by:    __/s/ Matthew B. Lowrie_____
          Matthew B. Lowrie, BBO No. 563,414
          Aaron W. Moore, BBO No. 638,076
          Lowrie, Lando & Anastasi, LLP
          Riverfront Office Park
          One Main Street - 11th Floor
          Cambridge, MA 02142
          Tel: 617-395-7000
          Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

  I hereby certify that a true a correct copy of the foregoing was served upon the listed below by electronically filing with the court on October 31, 2007:

    Sarah Cooleybeck, Esq.
    Foley Hoag LLP
    155 Seaport Blvd.
    Boston, MA 02210
    Telephone: 617.832.1000
    Facsimile: 617.832.7000
    E-mail: scooleybeck@foleyhoag.com

    Michael James Cronen, Esq.
    Law Offices of Harris Zimmerman
    1330 Broadway, Suite 710
    Oakland, CA 94612
    Telephone: 510.465.0828
    Facsimile: 510.465.2041
    E-mail: mcronen@zimpatent.com


Dated: October 31, 2007        /s/ Matthew B. Lowrie_____
               Matthew B. Lowrie, Esq.