UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZIPWALL, LLC | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-11852-JLT |
| | * | |
| FASTCAP, LLC, | * | |
| | * | |
| Defendant. | * | |

ORDER
February 13, 2008

TAURO, J.

After considering the relevant submissions, this court hereby orders that Plaintiff's Motion for Entry of Final Judgment, Including Entry of Permanent Injunction [#53] is DENIED IN PART and ALLOWED IN PART. Final judgment shall be entered as outlined below. But this court declines to issue a permanent injunction on the present factual record.

I. FINAL JUDGMENT

Plaintiff has submitted a plan by which to enter final judgment in this case. Defendant argues against entering final judgment, asserting that it is prepared to go to trial on the issues of damages, invalidity, or both, on the 6,942,004 patent ("'004 patent"). But Plaintiff has agreed to waive damages on the '004 patent, without prejudice to reasserting damages if the case is remanded on appeal. This would obviate the need for a trial on the issue of damages. If Defendant seeks appellate review of this court's rulings on the '004 claim, it should be permitted to do so expeditiously. Contrary to Defendant's assertions, the calculation of damages—should that be necessary—will not be appreciably more difficult after the appeal than it is now.

Accordingly, this court agrees with most of what Plaintiff has proposed. Final judgment

shall be entered in the following manner:

    1.    Final judgment for Plaintiff on Count I (infringement of the 6,842,004 patent);

    2.    Final judgment for Defendant on Count II (infringement of the 6,209,615 patent);

    3.    Count III (infringement of the 6,953,076 patent) is DISMISSED WITHOUT PREJUDICE;[1]

    4.    Judgment for Plaintiff as to the '004 patent, and judgment for Defendant as to the '615 patent on Counterclaim I (declaratory judgment of non-infringement);

    5.    Judgment for Plaintiff on Counterclaim II (declaratory judgment of patent invalidity);

    6.    The parties shall bear their own fees and costs.

## II. PERMANENT INJUNCTION

In 2006, the Supreme Court overturned the Federal Circuit Court of Appeal's "general rule" of granting injunctive relief to a patentee upon showing that the patent was both infringed and valid.[2] Now, a party must fully satisfy the four prongs of the traditional test for a permanent injunction: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[3] In light of this heightened evidentiary burden, this court finds Plaintiff has not made an adequate showing.

---

[1] Plaintiff has offered to dismiss this count to expedite the entry of final judgment. Since courts "should freely give leave" to a party seeking to amend its pleadings, this court agrees with plaintiff's recommendation. See Fed. R. Civ. P. 15(a)(2).

[2] See eBay, Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1841 (2006)

[3] Id. at 1839.

First, Plaintiff claims it will suffer "irreparable injury because it sells a product that competes with [Defendant's] infringing products," and that both parties sell their products on one particular website, Amazon.com[4]  If Plaintiff will, in fact, lose sales due to the presence of Defendant's product in the marketplace, Plaintiff should specify how much it would lose.[5] Without further details—lost sales, size of the relevant market, lost customers—Plaintiff cannot show that the injury would be irreparable.  On the present facts, for instance, there is no showing that the market is still nascent, or that customers are particularly loyal to one brand, factors that other courts have considered in deciding whether to grant injunctive relief.[6]

Second, Plaintiff has not shown that monetary damages are inadequate.  To be sure, Plaintiff's right to exclude others from making or using the patented invention may be denied.  But as Justice Thomas clarified in eBay, "the creation of a right is distinct from the provision of remedies for violations of that right."[7]  Plaintiff has not explained with sufficient specificity why money damages could not adequately compensate for the presumptive loss of market share.[8]  In light of the restrictive interpretation for permanent injunctions recently articulated by the Supreme

---

[4] Plaintiff's Motion for Entry of Final Judgment, Including Entry of Permanent Injunction [#53] 4.

[5] See Praxair, Inc. v. ATMI, Inc., 479 F. Supp. 2d 440, 443-4 (D. Del. 2007).

[6] See, e.g., Martek Biosciences Corp. v. Nutrinova, Inc., 520 F. Supp. 2d 537, 558 (D. Del. 2007) (finding irreparable harm where plaintiff spent $60 million to acquire a company and the relevant patents, defendant was plaintiff's sole competitor in the market, and supply agreements tended to be "long-term"); TiVo Inc. v. EchoStar Communc. Corp., 446 F. Supp. 2d 664, 670 (E.D. Tex. 2006), *aff'ed in part and rev'd in part*, 2008 U.S. App. LEXIS 2073 (Fed. Cir. Jan. 31, 2008) (finding irreparable harm where plaintiff was "losing market share at a critical time in the market's development, market share that it will not have the same opportunity to capture once the market matures.").

[7] eBay, 126 S. Ct. at 1840.

[8] Praxair, 479 F. Supp. 2d at 444.

Court, this court hesitates to issue an injunction without stronger evidentiary support.

Because Plaintiff has not satisfied the first two prongs of the permanent injunction standard, this court DENIES Plaintiff's motion for a preliminary injunction.

IT IS SO ORDERED.

                                                                         /s/ Joseph L. Tauro
                                                                    United States District Judge